UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

OTHA ERIC TOWNSEND,	Civil No. 09-3726 (DSD/AJB)

      Petitioner,

v.	**REPORT AND RECOMMENDATION**

JOHN KING, Warden, and
LORI SWANSON, Attorney General,

      Respondents.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In September 1994, a Minnesota state court jury found Petitioner guilty of first degree murder, and he was sentenced to life in prison. (Petition, p. 3, "Ground One." See State v. Townsend, 546 N.W.2d 292 (Minn. 1996); Townsend v. Crist, Civil No. 99-1175 (DSD/AJB).) In May 1995, Petitioner entered a plea of "nolo contendere" to attempted murder charges, which were related to his prior murder conviction. (Id., pp. 1-2.) On June 1, 1995, Petitioner was given a 72-month sentence for his attempted murder conviction.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

(Id., p. 1, ¶ 3.) Petitioner is currently serving his sentences at the Minnesota Correctional Facility at Stillwater, Minnesota.

The current habeas corpus petition pertains to the 72-month sentence that Petitioner received following his conviction for attempted murder. Petitioner contends that his 72-month sentence should run concurrent with, rather than consecutive to, his previously-imposed life sentence.

Petitioner did not file a direct state court appeal following his attempted murder conviction and the imposition of the 72-month sentence. However, on August 24, 2007, he filed a post-conviction motion in the trial court, in which he challenged the propriety of his 72-month sentence. (Petitioner's Memorandum, [Docket No. 2], p. 2.) Petitioner's state post-conviction motion was denied on September 28, 2007. (Id.) Petitioner appealed that ruling, but the Minnesota Court of Appeals rejected his appeal on November 12, 2008. (Id., pp. 2-3.) Petitioner applied to the Minnesota Supreme Court for further review, but that application was denied on January 28, 2009. (Id., p. 3.)

Petitioner's current federal habeas corpus petition was filed on December 30, 2009. As noted above, Petitioner presently claims that his 72-month sentence should run concurrently with his life sentence, rather than consecutively. His petition lists three separate arguments in support of his claim. (Petition, pp. 3-7.) However, those arguments cannot be addressed on the merits, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

**II. DISCUSSION**

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner is challenging a sentence entered against him on June 1, 1995. (Petition, p. 1. ¶ 3.) Because he did not pursue a direct appeal, that judgment became final, for

3

statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Therefore, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was August 30, 1995 – 90 days after the sentencing judgment was entered. Pursuant to § 2244(d)(1)(A), the one-year statute of limitations should have begun to run on that date.

However, the Eighth Circuit Court of Appeals has held that the limitations period imposed by § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, even though petitioner's conviction became final, for purposes of § 2244(d)(1)(A), in August 1995, the statute of limitations did not actually begin to run until April 24, 1996. The statute of limitations expired one year later, on April 24, 1997. Id. See also Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions"). Petitioner did not file his current petition, however, until December 2009, which was more than twelve years after the limitations period had expired. It is therefore readily apparent that the instant petition is time-barred, unless the statute of limitations was somehow tolled.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks

4

collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because <u>the federal habeas statute of limitations had already expired in this case long before Petitioner filed his post-conviction motion in the state trial court</u>. The statute of limitations expired on April 24, 1997, and Petitioner did not file his state post-conviction motion until August 24, 2007 – more than ten years after the federal habeas limitations period had expired. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Petitioner's post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner apparently believes that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-

5

year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. Petitioner contends that because his state post-conviction motion was timely under Minnesota law, it was a "properly filed" motion for purposes of the federal tolling statute. (Petitioner's Memorandum, pp. 3-5.)

For present purposes, the Court accepts Petitioner's contention that his state post-conviction motion was timely, and properly filed, under Minnesota state law. But that does not alter the fact that the <u>federal</u> statute of limitations had already expired before Petitioner's state post-conviction motion was filed. If Petitioner had filed his post-conviction motion before the federal statute of limitations had expired, then the statute of limitations presumably would have been tolled while the state post-conviction proceedings were in progress. However, once the federal statute of limitations expired, Petitioner's state post-conviction motion could not breathe new life into the limitations period, even though the state post-conviction motion may have been timely, and properly filed, under state law.[2]

---

[2] As explained in <u>Sorce v. Artuz</u>, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

"The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

<u>See</u> <u>also</u> <u>Lucidore v. New York State Div. of Parole</u>, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), <u>aff'd</u> 209 F.3d 107 (2nd Cir.), <u>cert</u>. <u>denied</u>, 532 U.S. 873 (2000); <u>Broom v. Garvin</u>, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

Again, "[s]ection 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).³ Therefore, once the statute of limitations expired in this case, on April 24, 1997, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion – even if that motion was proper under state law.

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show

---

³ This principle was fully explained to Petitioner more than ten years ago, when he sought habeas corpus review of his first-degree murder conviction and life sentence. See Townsend v. Crist, Civil No. 99-1175 (DSD/AJB) (Report and Recommendation dated September 14, 1999, [Docket No. 6], and Order dated November 12, 1999, [Docket No. 8]).

that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on April 24, 1997. However, Petitioner did not file his current petition until December 30, 2009 – more than twelve years after the statute of limitations deadline.

Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not seek post-conviction relief in the state courts until August 2007, which was more than ten years after the federal statute of limitations had already expired. The Court has further found that equitable tolling cannot be applied here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and that this action must be summarily dismissed with prejudice.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. This action be DISMISSED WITH PREJUDICE.

Dated: January 11, 2010

      s/ Arthur J. Boylan
      ARTHUR J. BOYLAN
      United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 25, 2010.